UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERRELL J., | |
| Plaintiff, | Case No. C19-5870-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical opinions, and in discounting Plaintiff's testimony and a lay statement.[1] (Dkt. # 12 at 2.) Plaintiff also argues that this case must be remanded because the ALJ was not appointed in compliance with the Appointments Clause of the U.S. Constitution at the time of the hearing and decision.[2] (*Id.*) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS

---

[1] Plaintiff also argues that these primary errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and the step-five findings, but as these errors reiterate arguments addressed in the primary errors, these assignments of error need not be discussed separately.

[2] Because this case must be remanded on other grounds, the Court need not address Plaintiff's constitutional challenge, but does order that this case be handled by a different ALJ on remand. *See Lucia v. SEC*, __ U.S. __, 138 S.Ct. 2044, 2055 (2018).

ORDER - 1

the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1971, has a high school diploma, and has worked as a medic in the United States Army. AR at 57-58. Plaintiff was last gainfully employed in 2015. *Id*. at 19.

In February 2016, Plaintiff applied for benefits, alleging disability as of September 1, 2015.[3] AR at 239-40. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 159-63, 168-69, 171-75. After the ALJ conducted a hearing on December 7, 2017 (*id*. at 43-92), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 16-36.

Utilizing the five-step disability evaluation process,[4] the ALJ found:

Step one: Plaintiff did not engage in substantial gainful activity during the adjudicated period.

Step two: During the adjudicated period, Plaintiff had the following severe impairments: multiple sclerosis, degenerative disc disease of the lumbar spine, status post left hip surgery, post-traumatic stress disorder ("PTSD"), and major depressive disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[5]

RFC: During the adjudicated period, Plaintiff could perform sedentary work with additional limitations: he could not climb ladders, ropes, or scaffolds, but could occasionally climb stairs and ramps. He could occasionally balance, stoop, kneel, crouch, and crawl. He could be occasionally exposed to vibration, temperature, and humidity extremes, or hazards. He could understand, remember, and apply only short and simple instructions while performing only routine, predictable tasks in a not fast-paced/production-type environment. He could make only simple (not executive-type) decisions with only occasional exposure to workplace changes and only occasional interaction with the general public.

Step four: Plaintiff could not perform past relevant work during the adjudicated period.

---

[3] The ALJ granted Plaintiff's request to reopen a prior application, and thus adjudicated the period from November 1, 2013, through June 30, 2017. AR at 16-17.
[4] 20 C.F.R. § 404.1520.
[5] 20 C.F.R. Part 404, Subpart P, Appendix 1.

>Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 16-36.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 7-12. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Discounting Plaintiff's Subjective Testimony

The ALJ summarized Plaintiff's subjective allegations of functional limitations, and explained that he discounted them in light of the evidence showing that: (1) Plaintiff's multiple sclerosis rarely flared and caused only moderate symptoms at worst, and his other physical conditions were stable; and (2) Plaintiff's mental conditions did not prevent "largely intact cognitive, social, and adaptive functioning"—as evidenced by his mental status examinations, work activity, and independent activities of daily living—even though Plaintiff did not consistently take medications for his mental conditions. AR at 23-29. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

With respect to the allegations of physical limitations, Plaintiff contends that the ALJ erred in discounting his allegations of physical limitations, because the ALJ's citation to "stable" conditions and few flare-ups does not explain why the ALJ discounted Plaintiff's allegations of limitations that persisted, even he was not having a flare-up. (Dkt. # 12 at 10-12.) Plaintiff fails to account for the entirety of the ALJ's reasoning, however the ALJ pointed to many objective findings that were either normal or indicated only mild impairment (AR at 24-26), and also pointed to Plaintiff's report of his ability to play basketball, use the stairs in his home, and lift weights for exercise several times per week (*id*. at 26 (citing *id*. at 1505-06)). The ALJ cited objective findings that fail to corroborate Plaintiff's description of severe physical limitations, and the activities cited by the ALJ also contradict Plaintiff's allegations of hand and leg numbness. These inconsistencies are clear and convincing reasons to discount Plaintiff's allegations of disabling physical limitations.

As to Plaintiff's allegations of mental limitations, Plaintiff argues that the ALJ erred in discounting his symptoms based "stabilization," without accounting for the limitations that persisted despite stabilization. (Dkt. # 12 at 13.) But the ALJ explained why he found Plaintiff's symptoms (even while stabilized) to be less severe than alleged: Plaintiff's symptoms responded well to treatment when he sought it, he was able to work for short periods of time and applied for other jobs during the adjudicated period, and was able to complete daily activities and socializing with only moderate limitation. AR at 26-29. The ALJ reasonably found this evidence to be inconsistent with Plaintiff's allegation of severe concentration and social deficits.

Because the ALJ provided clear and convincing reasons to discount Plaintiff's physical and mental limitations, the Court affirms this part of the ALJ's decision.[6]

**B.    The ALJ Erred in Assessing the Medical Opinion Evidence**

Plaintiff argues that the ALJ erred in assessing certain medical opinions, each of which the Court will address in turn.

*1.    Legal Standards*

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*2.    Jonathan Skonicki, M.D.*

Dr. Skonicki performed a psychiatric examination of Plaintiff in July 2015 for purposes

---

[6] Although Plaintiff's opening brief devotes pages to a summary of his hearing testimony (dkt. # 12 at 14-17), this summary does not advance Plaintiff's argument and need not be discussed further.

ORDER - 5

of determining compensation and pension for the Department of Veterans Affairs. AR at 1050-58. Dr. Skonicki diagnosed Plaintiff with PTSD and documented Plaintiff's reports of severe symptoms, and also witnessed Plaintiff weeping unconsolably during the examination for at least 20 minutes, when discussing the impact of his PTSD on his relationships. *See id*. at 1057. Dr. Skonicki indicated that Plaintiff's thought process was logical and his judgment/insight was intact, and that he can manage his finances. *Id*. at 1058. Dr. Skonicki concluded, at the end of his report: "[Plaintiff] appears to be in tremendous intense psychological pain. Symptoms of PTSD (with secondary depression) have had severe detrimental impact on all areas of his life including occupational, social, educational, mood, interpersonal support, self esteem, mood." *Id*.

The ALJ found most of Dr. Skonicki's opinion to be consistent with the record pertaining to Plaintiff's eight-month inpatient psychiatric hospitalization (during which Dr. Skonicki performed his examination), but discounted Dr. Skonicki's conclusion as internally inconsistent with Dr. Skonicki's finding that Plaintiff could manage his finances. AR at 30. The ALJ's finding of internal inconsistency is not reasonable: none of the areas of Plaintiff's life that Dr. Skonicki referred to pertain to the ability to manage finances. Dr. Skonicki specifically found that Plaintiff's thought process was logical and that he had intact judgment and insight, and those findings are consistent with an ability to manage finances. Dr. Skonicki nonetheless found that Plaintiff's PTSD caused difficulty in social interaction and adaptation in stressful circumstances (such as work), with mild memory loss and unprovoked irritability, and those limitations would not be inconsistent with a competency to manage finances. *See id*. at 1057. Those limitations would not necessarily be inconsistent with the ability to perform daily activities, either, despite the ALJ's finding. *See id*. at 30.

1    Dr. Skonicki's opinion is arguably inconsistent with the ALJ's RFC assessment as to
2 social and persistence abilities. *See id.* at 22. Because the ALJ did not identify a legitimate
3 internal inconsistency in discounting Dr. Skonicki's opinion, the ALJ's reasoning is erroneous
4 and this opinion must be reconsidered on remand.

5    3.    Sherre Christian, CRNP

6    Ms. Christian completed a multiple sclerosis disability benefits questionnaire in August
7 2015. AR at 603-12. The questionnaire describes a variety of objective test results and symptom
8 inventories, and concludes with a section where Ms. Christian opined that Plaintiff's multiple
9 sclerosis impacted his ability to work, commenting: "[Plaintiff's] current multiple sclerosis
10 condition may likely mildly to moderately impact physical and sedentary labor due to decreased
11 sensation in fingers and feet resulting in unsteady gait, incoordination, pain and decreased
12 concentration." *Id*. at 612.

13    The ALJ incorrectly stated that Ms. Christian opined that Plaintiff's multiple sclerosis did
14 *not* impact his ability to work, citing a different questionnaire Ms. Christian filled out addressing
15 conditions other than multiple sclerosis. AR at 30 (citing *id*. at 603). The ALJ gave partial weight
16 to Ms. Christian's opinion, indicating that the overall record showed that Plaintiff's physical
17 conditions did in fact cause some functional limitations. *Id*. The ALJ went on to address the
18 multiple sclerosis questionnaire, finding it to be internally inconsistent because Ms. Christian
19 opined that Plaintiff had hand and foot numbness, but recorded normal strength in all of
20 Plaintiff's extremities and indicated that he did not require continuous medication for this
21 condition. *Id*. at 30.

22    The Court finds two errors in the ALJ's assessment of Ms. Christian's opinions regarding
23 the impact of Plaintiff's multiple sclerosis on his functioning. First, the Court agrees with

Plaintiff that the ALJ fundamentally misunderstood the record of Ms. Christian's opinions, given that the ALJ misrepresented Ms. Christian's opinion as to whether Plaintiff's multiple sclerosis impacted his ability to work. Second, there is no inconsistency between test results showing normal extremity strength and a finding of hand and foot numbness: Ms. Christian documented decreased reflexes and sensation through Plaintiff's extremities, which would be consistent with numbness. *See* AR at 607-08. Because the ALJ erred in assessing Ms. Christian's multiple sclerosis questionnaire, the ALJ should reconsider it on remand.

### 4. *Terasa Davis, Psy.D.*

Dr. Davis performed a psychological examination of Plaintiff in May 2016 and opined that, *inter alia*, Plaintiff's "ability to respond appropriately to coworkers and supervisors is currently quite limited by his anxiety and depressive symptoms. Work stress would likely lead to further declines in his already limited functioning." AR at 1241. The ALJ gave significant weight to Dr. Davis's opinion, although the ALJ qualified that finding by stating that he found that Plaintiff has at most moderate limitations in the "paragraph B" criteria considered at step three of the sequential evaluation. *Id*. at 31. The ALJ's RFC assessment, however, includes no restriction as to Plaintiff's ability to interact with coworkers and supervisors. *Id*. at 22. The ALJ arguably accounts for deficits in handling stress by excluding production-pace work and limiting Plaintiff to performing routine, predictable tasks requiring only simple judgments and occasional exposure to workplace changes. *Id*. at 22.

The Court agrees with Plaintiff that the ALJ's RFC assessment does not fully account for Dr. Davis's opinion as to coworker/supervisor interaction, given that it does not restrict that interaction to any degree. The ALJ failed to provide any reason to discount that portion of Dr. Davis's opinion, and thus the ALJ erred in failing to either fully account for or provide specific,

legitimate reasons to discount Dr. Davis's opinion. On remand, the ALJ shall reconsider Dr. Davis's opinion as to coworker/supervisor interaction.

          5.      *State Agency Opinions*

Upon initial review, a State Agency consultant opined that Plaintiff would "likely miss 1-2 days of work/month due to psych symptoms." AR at 106. The State agency consultant who performed the review of the record upon reconsideration disagreed with the suggestion that Plaintiff would not be able to sustain a full-time work schedule reliably, citing Plaintiff's ability to complete his activities of daily living and his recent work history. *Id*. at 121-22, 1327.

The ALJ cited the contrary reconsideration opinion, wherein the consultant cites to portions of the record as inconsistent with the initial opinion regarding absenteeism, as a reason to discount the initial opinion. *Id*. at 32-33. This is a sufficient reason to discount a non-examining provider's opinion. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."). Accordingly, Plaintiff has not shown that the ALJ erred in assessing the State agency opinions.

          6.      *Miscellaneous Medical Evidence*

Plaintiff devotes a portion of his opening brief to recounting various parts of the medical record, without connecting those parts of the brief to a specific assignment of error. (Dkt. # 12 at 7-10.) This portion of the brief does not advance Plaintiff's argument and need not be discussed further.

**C.**    **The ALJ Did Not Harmfully Err in Discounting the Lay Statement**

Plaintiff's aunt completed a third-party function report in March 2016, describing Plaintiff's symptoms and limitations. AR at 292-99. The ALJ summarized Plaintiff's aunt's

1  statement and explained that he accounted for some of the limitations she described by restricting

2  Plaintiff to less than the full range of sedentary work with additional limitations as detailed in the

3  RFC assessment. *Id*. at 33. The ALJ found that some of Plaintiff's aunt's statement, which

4  described capabilities consistent with the RFC, would not support the existence of disabling

5  limitations. *Id*. at 33-34.

6  Plaintiff argues that the ALJ failed to provide germane reasons, as required in the Ninth

7  Circuit, to discount the disabling limitations described by Plaintiff's aunt, such as her statement

8  that Plaintiff leaves his room only for meals and toileting, cannot engage in physical activity,

9  needs reminders to take medication and complete personal grooming tasks, and that his social

10 interactions end in hostile outbursts. *See* AR at 292-99; *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th

11 Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give

12 reasons that are germane to each witness.").

13 To the extent that Plaintiff's aunt described symptoms that the ALJ did not explicitly

14 either account for or discount, this error is harmless because the ALJ addressed earlier in the

15 decision the evidence in the record that contradicts those allegations. For example, the ALJ cited

16 evidence showing that Plaintiff engaged in at least some physical activity on a regular basis,

17 could complete his daily activities independently, and could engage in some degree of social

18 interaction without conflict. *See* AR at 23-29. Furthermore, as noted by the ALJ, some of

19 Plaintiff's aunt's own statements contradict the more extreme limitations she described:

20 Plaintiff's aunt described Plaintiff's regular social interaction on a daily and monthly basis, could

21 concentrate enough to read and watch television daily as well as manage his own finances, and

22 could shop for groceries alone. *Id*. at 34, 292-99. Thus, because the ALJ provided reasons to

23 discount similar allegations in his discussion of Plaintiff's testimony, the ALJ's error in failing to

provide reasons specific to Plaintiff's aunt's testimony is harmless. *See*, *e.g.*, *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 693-94 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony.").

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings before a different ALJ under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the opinions of Drs. Skonicki and Davis, and Ms. Christian's multiple sclerosis questionnaire.

Dated this 23rd day of July, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 11