UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FERRELL H. JACKSON,<br><br>    Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. C19-5870 MLP<br><br>ORDER |

## I. INTRODUCTION

Ferrell H. Jackson ("Plaintiff"), the prevailing party in this Social Security disability appeal, moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees of $10,705.84[1] and expenses in the sum of $6.30. (Dkt. # 18 at 1.) The Commissioner objects to Plaintiff's request for attorney's fees, contending the amount of hours expended in this matter was excessive and therefore unreasonable. (Dkt. # 19.) Having reviewed the parties' submissions, the balance of the record, and the governing law, the rejects the Commissioner's arguments and GRANTS Plaintiff's requests for fees and expenses.

---

[1] Plaintiff is not requesting payment for time spent preparing his reply brief in support of EAJA fees and supporting declaration. (Dkt. # 20-1 at 3-4.)

ORDER - 1

## II. BACKGROUND

In the underlying case, the Court reversed the Commissioner's final decision and remanded this matter for further administrative proceedings. (Dkt. # 15.) In his appeal, Plaintiff alleged the Administrative Law Judge ("ALJ") erred in discounting Plaintiff's testimony, lay witness testimony, and medical opinion evidence, and additionally improperly assessed Plaintiff's residual functional capacity. (Dkt. # 12). Further, Plaintiff asserted the ALJ was not appointed in compliance with the Appointments Clause of the U.S. Constitution at the time of the hearing and decision. (*Id.*) The Court concluded that although the ALJ did not harmfully err in discounting Plaintiff's testimony or the lay witness testimony, the ALJ erred in assessing the medical opinion evidence.[2] (Dkt. # 15.)

The Commissioner objects to Plaintiff's instant motion for EAJA fees, arguing the amount is unreasonable, but does not challenge Plaintiff's request for $6.30 in expenses. (Dkt. # 19.) Specifically, the Commissioner argues Plaintiff's request of a fee award should be reduced by 15 hours because the complexity, ratio of success, and alleged overbilling in this matter do not warrant the requested fee amount. (*Id.* at 2.)

## III. DISCUSSION

EAJA authorizes payment of attorney's fees to a prevailing party in an action against the United States, unless the court finds that the government's position on the merits in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the government disputes

---

[2] The Court did not address Plaintiff's constitutional challenge because the case was remanded on other grounds and ordered that the case be handled by a different ALJ on remand. (Dkt. # 15.) The Court also found Plaintiff's argument that the ALJ erred in determining Plaintiff's residual functional capacity assessment reiterated arguments addressed in the order and therefore did not address this assignment of error separately. (*Id.*)

the reasonableness of the fee, it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 436-37 (1983).

The Commissioner argues Plaintiff's request for attorney's fees is unreasonable because the issues briefed were routine issues raised in Social Security cases, and Plaintiff spent at least four pages recounting various parts of the medical record without connecting them to assignments of errors. (Dkt. ## 19 at 3-4, 15.) The Commissioner therefore argues a quarter of the total billed attorney hours for preparing the opening brief, 8.9 hours, should be deducted from the fee award. (*Id.* at 4.) The Commissioner also asserts that an additional 1.1 hours billed for a second attorney to work on the opening brief should be deduced because the work was duplicative, inefficient, and unnecessary. (*Id.*) The Commissioner therefore argues a total reduction of ten hours for time spent on the opening brief should be reduced. (*Id.*)

The Commissioner also argues Plaintiff's counsel spent an unreasonable amount of time preparing the reply brief. (*Id.*) The Commissioner asserts the first four and a half pages of the reply brief address Plaintiff's Appointments Clause claim, but that Plaintiff's counsel has previously addressed this issue in other cases and could have more efficiently adapted it to the arguments in this matter. (*Id.*) The Commissioner further argues the remainder of the reply brief merely reflects issues the Commissioner did not refute and therefore the 10.1 hours of time preparing the reply brief was unreasonable and should be reduced by five hours. (*Id.* at 5.) In

sum, the Commissioner argues Plaintiff's total request for EAJA fees should be reduced by 15 hours, resulting in a total fee award of $7,604.29. (*Id.*)

As an initial matter, the Court finds Plaintiff was the prevailing party because he received a remand for further consideration, and the Commissioner does not contend its position was substantially justified. The Court therefore finds Plaintiff entitled to a reasonable attorney's fee award under EAJA. Though the Court found no harmful error in the ALJ's analysis of Plaintiff's testimony and lay witness testimony, and otherwise declined to address Plaintiff's remaining arguments, the Court reviews the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014). "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." *See Hensley*, 461 U.S. at 435. Here, Plaintiff prevailed on his claim that the ALJ's denial of his social security application was not based on substantial evidence. Further, Plaintiff's counsel did not start representing Plaintiff until shortly before his appeal was filed, so time was spent familiarizing counsel with the over 2,200-page record. (Dkt. # 20-1 at 2-3.)

Based on the facts and circumstances of this matter, and the briefing and attorney time sheet, the Court concludes the amount of time incurred by Plaintiff's attorney in this matter is reasonable. (*See* Dkt. ## 18-2, 20-1.) Therefore, the Court ORDERS that Plaintiff's request for EAJA fees of $10,705.84, and expenses in the sum of $6.30, be awarded to Plaintiff pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586, 588-89 (2010). The Commissioner shall contact the Department of Treasury after the Order for EAJA fees and expenses is entered to determine if the EAJA fees are subject to any offset. If it is determined that Plaintiff's EAJA fees are not subject to any offset allowed pursuant to the Department of the Treasury's Offset

Program, then the check for EAJA fees and expenses shall be made payable to Eitan Kassel Yanich, either by direct deposit or by check payable to him and mailed to his address at: Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501, based on Plaintiff's assignment of these amounts to Plaintiff's attorney.

Dated this 23rd day of November, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5